No. 26,900.

THE STATE OF KANSAS, *Appellee*, v. T. E. CLOUD, *Appellant*.

SYLLABUS BY THE COURT.

LARCENY—*Sufficiency of Evidence—Value of Wheat Stolen.* In a review of an appeal from a conviction for the larceny of wheat it is held that the evidence tends to support a finding that defendant stole wheat from its owner, and also that it is sufficient to show that the value of that stolen was great enough to make the offense grand larceny.

Appeal from Cheyenne district court; WILLARD SIMMONS, judge. Opinion filed November 6, 1926. Affirmed.

*Roy T. Johnson,* of St. Francis, and *W. S. Langmade,* of Oberlin, for the appellant.

*Charles B. Griffith,* attorney-general, and *Leigh D. Dowling,* of St. Francis, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.:   T. E. Cloud was prosecuted upon a charge of stealing wheat of the alleged value of $35. He was found guilty of grand larceny and appeals from the judgment of conviction.

In the brief filed in his behalf it is frankly stated that the issue in this appeal is whether the evidence is sufficient to support a verdict of grand larceny. Some argument is made questioning the theft of any wheat by defendant, but there is enough testimony in the record to uphold that finding. The real contention of defendant seems to be that there was less than $20 worth of wheat stolen, and for that reason there was no justification for finding him guilty of more than petit larceny. Raile had a granary about 100 steps from the highway into which he had put 523 bushels, according to machine measure. After taking out a load of 59 bushels and two or three bushels for feed, he returned to the granary a few days later and discovered that considerable wheat had been taken out, and from the appearance on the surface of the grain he estimated that 25 bushels had been removed. Automobile tracks along the side of the granary where the ground was soft were plainly visible. These were followed from the granary to the road near a bridge, and under this bridge nine gunny sacks of wheat containing about two bushels each were found. A neighbor of Raile saw the sacks under the bridge on Sun-

Larceny, 36 C. J. pp. 899 n. 34, 904 n. 38, 909 n. 98.

day evening, August 23, and when he went back about five o'clock on the Monday morning following, he found the wheat had been taken away. It was admitted by the defendant that he had taken the wheat from beneath the bridge during the night, had taken it to an elevator in Bird City and sold it about six o'clock in the morning. A check was given by the purchaser for the wheat, but the defendant asked that it be made out in the name of Dewey Cramer. In explanation of giving a fictitious name defendant later explained that he had heard a conversation at a restaurant the morning of the sale about wheat having been stolen, and being a stranger and thinking he might be suspected he had the check made out in the name of Dewey Cramer. He did not present the check for payment until several days had elapsed, and when he did he was arrested upon a charge of larceny. It may be said that defendant claimed he was hauling wheat for a neighbor, and that in traveling over the highway near the granary mentioned he found his truck was overloaded so that he could not well drive it up a hill near the bridge, and hence unloaded nine sacks of the wheat and placed them under the bridge, and that afterwards he went back and loaded the wheat and took it to market. He states that he went there in the nighttime because it was necessary that he should be back when the threshing began on the morning of the next day. It appears that the tracks of the truck leading from the road to the granary and back again to the bridge were carefully examined by three of the witnesses who testified that they corresponded with the impression made by the wheels of defendant's truck. Plaster casts of the impressions made by the truck tires were made and used as evidence on the trial and their sameness pointed out. In addition an officer who was conveying defendant to jail after the preliminary examination, testified that he asked the defendant "how he came to go to that granary?" and that defendant replied that, "he did not have a full load." Later, however, the defendant said to the officer that he was not at the granary.

The evidence in the case, not all of which has been related, fairly tends to show the theft of at least nine sacks of the wheat containing about eighteen bushels. In respect to the value of the wheat taken it appears that the price of wheat of the grade of defendant's at the time was $1.45 per bushel, and manifestly if it was shown that the quantity mentioned was stolen by defendant the offense committed was grand larceny. He contends that the testimony of Raile, the

State v. Cloud.

owner of the wheat, failed to show that more than five bushels were stolen. In Raile's testimony he stated that when he returned to the granary after having taken out a load of wheat the depression or the hole made in the wheat in the part of the granary from which it was taken indicated to him that about twenty-five bushels had been taken. Upon cross-examination he admitted that the measure so given was only a rough estimate, that as a matter of fact he could not say exactly how many bushels had been taken, nor could he say positively that more than five bushels were taken. The state, however, did not rely alone on the estimate of Raile, made upon a view of the wheat in the north end of the granary from which the wheat had been taken. It appears that the witness was unwilling to venture a positive opinion of the quantity taken as evidenced by the depression on the top of the wheat. He only undertook to give a rough estimate of quantity by a comparison of the appearance of the surface of the wheat when last seen by him and the hole made in it since that time by the removal of wheat. There was testimony as to the quantity hidden under the bridge and also the testimony as to the quantity threshed and placed in the granary, the quantity taken out by the owner before the theft, and the quantity remaining in the granary after the theft, and this testimony tended to show that more than twenty-five bushels had been stolen. Some of the testimony tending to show the larceny of the wheat as well as the quantity appropriated, was circumstantial in its nature, but it is not necessary to cite authorities that the elements of the offense, including the *corpus delicti,* may be established by circumstantial evidence.

We are of the opinion that the evidence was sufficient to warrant the finding that defendant stole wheat from Raile, that the value of the wheat stolen was more than $20 and that defendant was properly convicted of grand larceny.

The judgment is affirmed.